**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **COLIN OLIVE** | : | **CIVIL ACTION** |
| *Infant/Minor* | : | |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SCHIANO et al** | : | |
| *Defendants.* | : | **NO. 24-cv-05030** |

## <u>MEMORANDUM</u>

Pro se Plaintiff Colin Olive filed a dizzying Complaint consisting of formally worded, though unfounded, conclusions of law that are difficult to parse from his nonsequential and puzzling assertions of fact. Combing through the Complaint, this Court understands Plaintiff's request as one to overturn a state court decision in a separate foreclosure action. Plaintiff also alleges damages for constitutional violations, breach of fiduciary duty, and unspecified trademark violations. For the reasons provided below, this Court grants Defendants Robert A. Auclair and John Whelan's motions to dismiss, as well as Michael Troy Freedman and Adrienna Hunsberger's motion to join Mr. Auclair's motion to dismiss.

## I.    FACTUAL BACKGROUND

Plaintiff claims to be the "equitable title holder and first lien holder" of the 730 Eggleston Circle, Pennsylvania property. ECF No. 1 at 2-3 [hereinafter "Compl."]. He sued seven Defendants, for "misconduct, misrepresentation, fraud upon the court, recorder of deeds refused to file Plaintiff's documents (sic)" as well as denial of due process and breach of fiduciary duty. *Id.* at 2.

Prior to Plaintiff's present lawsuit, Newrez LLC—a mortgage servicing business—filed a complaint in the Delaware County Court of Common Pleas against Plaintiff to foreclose on the

730 Eggleston Circle property. *Newrez LLC D/B/A/ Shellpoint Mortgage Servicing v. Olive*, 2024-cv-003687 (Pa. Com. Pl. 2024). In an unclear Complaint, Plaintiff apparently seeks to have this Court overturn a state court decision by Judge John J. Whelan, who entered an order against Plaintiff for $142,744.44 in the state foreclosure action. *Newrez LLC D/B/A/ Shellpoint Mortgage Servicing v. Olive*, 2024-cv-003687 (Aug. 21, 2024); *see also* ECF No. 5-3.

Plaintiff rehashes several supposed deficiencies that occurred in the state court foreclosure action. Compl. at 2. Plaintiff asserts that Defendants, without stating whom exactly of the named Defendants, failed to credit payments to Plaintiff's mortgage account and to prove that Plaintiff's mortgage was not satisfied. *Id.* Plaintiff avers that because he provided a promissory note to creditors in the amount of $122,994.00 as collateral for the property, the property itself is not collateral and cannot be foreclosed upon. *Id.* at 3. In addition, Plaintiff claims his "bill of exchange" for $198,000.00 also should have discharged his debt. *Id.* at 2. He states that the original lender, New Penn Financial LLC, received full credit at closing, and that NewRez, LLC, which is the assignee of the mortgage, improperly sought foreclosure on the 730 Eggleston Circle property. *Id.* at 3. Plaintiff also alleges violations of his "Trademark Copy" because Defendant Robert Auclair barred him from filing "more documents with recorder of deeds for several months now." *Id.* at 2-3.

Attacking the state court as well, Plaintiff claims Judge Whelan improperly struck Plaintiff's affidavit in the state foreclosure action. *Id.* at 2. The affidavit allegedly demonstrated all evidence of debt discharge. *Id.* More broadly, he stated that the Delaware County Court of Common Pleas lacked jurisdiction over the state foreclosure action and deprived Plaintiff of due process. *Id.* Plaintiff also made a sovereign citizen-style argument, among many others, that a

mortgage company (presumably in reference to Newrez LLC) is a "dead entity" and cannot bring suit against another "in personne physique."[1]  *Id*.

Plaintiff requests $1,000,000 for each violation of trademark copyright and "also motions this court to void Judge Whelan's unlawful judgment in the amount of $142,744.44."  *Id*. at 13. In addition, he requests damages for $1,232,378.07, as well as an injunction against Defendants from "taking of trust property, private information, and solicitation against the Plaintiff."  *Id*. at 12.  Defendant Robert A. Auclair—named as the Delaware County Recorder of Deeds in Plaintiff's Complaint—filed a motion to dismiss Plaintiff's Complaint.  Defendants Michael Troy Freedman and Adrienna Hunsberger—attorneys that represent the lender in the state foreclosure action—filed a motion to join Mr. Auclair's motion to dismiss.  Judge Whelan also filed a motion to dismiss.

## II.    STANDARD OF REVIEW

"To survive a motion to dismiss, a [plaintiff's] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a Rule 12(b)(6) motion to dismiss, this Court accepts Plaintiff's allegations in his Complaint and makes reasonable inferences based on the facts, in the light most favorable to Plaintiff.  *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016).  This Court need not accept legal conclusions and conclusory statements in Plaintiff's Complaint.  *Id*.  Looking to the record, "a court must consider only the complaint, exhibits attached to the complaint, matters of public

---

[1] As Judge Bartle stated in *Mouratidis v. Wolf*, Plaintiff's "Complaint is replete with the type of nonsensical language and legalisms often found in pleadings filed by adherents to the so-called sovereign citizen movement." No. 22-CV-4628, 2023 WL 2025035 n.2 (E.D. Pa. Feb. 15, 2023).  However, "'legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement' is nothing more than a nullity." *Id*.  Plaintiff's Response to Defendants' motions and his Letter to the Court similarly provide nonsensical assertions and requests, such as requests under the Freedom of Information Act and Privacy Act and accusations of securities fraud and breach of fiduciary duties.  ECF Nos. 10 and 11.

record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Id.*

In this case, Plaintiff is pro se. Courts have an "obligation to liberally construe a pro se litigant's pleadings." *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Moreover, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"; though, pro se plaintiffs must still allege sufficient facts to support a claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    DISCUSSION

Regardless of the alleged deficiencies that occurred during the state foreclosure action—where Plaintiff appears to advance baseless sovereign citizen-style arguments detached from law or logic—Plaintiff cannot use this Court as a forum to air his grievances relating to the state action. If Plaintiff believes that Judge Whelan incorrectly decided Plaintiff's case, then Plaintiff's remedy was to seek an appeal in the state court system. In addition, Plaintiff provides no support to allege constitutional violations or breaches of fiduciary duties during the state court proceedings, nor does he provide sufficient facts to plausibly state a "trademark copyright" violation. Therefore, for the reasons discussed below, Plaintiff's Complaint is dismissed against Defendants Robert A. Auclair, Michael Troy Freedman, Adrienna Hunsberger, and Judge Whelan.

### a.    The *Rooker-Feldman* Doctrine Bars Plaintiff's Request to Void Judge Whelan's Judgment.

Federal courts may not act as appellate courts to state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine applies when the following conditions are met:

4

"(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (cleaned up). Here, Judge Whelan entered judgment against Plaintiff in state court, he claimed injury due to the state court judgment, the judgment was rendered before he filed this present lawsuit, and he is expressly asking this Court to void Judge Whelan's judgment. Thus, the *Rooker-Feldman* doctrine bars all of Plaintiff's requested relief arising out of Judge Whelan's judgment.

### b. Plaintiff's Allegations of Constitutional Violations and Breaches of Fiduciary Duty in the State Foreclosure Action Fail.

Plaintiff makes vague and conclusory allegations that he was deprived of due process in the state foreclosure action. *See* Compl. at 2, 8 13. If Plaintiff alleges that the methods and evidence employed in the state court action were unconstitutional, then Plaintiff has failed to cite law that permits this cause of action. Given that Plaintiff is pro se, this Court construes his constitutional violation claim as proceeding under 42 U.S.C. § 1983. However, Judge Whelan is immune to suit,[2] Plaintiff provides no evidence of a constitutional violation due to Robert A. Auclair's conduct, and Michael Troy Freedman and Adrienna Hunsberger are not state actors. Therefore, to the extent Plaintiff alleges § 1983 claims against Defendants for constitutional deprivations that occurred during the state foreclosure action, such claims fail to meet minimum pleading requirements under Federal Rule of Civil Procedure 8.

---

[2] To the extent Plaintiff alleges a § 1983 claim against Judge Whelan, his claim is barred by both judicial immunity and the United States Constitution. Judicial immunity from civil liability is only overcome in two narrow circumstances—a nonjudicial action and an absence of jurisdiction—neither of which are applicable here. *Figueroa v. Blackburn*, 208 F.3d 435, 440-41 (3d Cir. 2000). In addition, the Eleventh Amendment provides judicial immunity to judges acting in their official capacity. U.S. CONST. amend. XI; *see also Conklin v. Anthou*, 495 F. App'x 257, 263 (3d Cir. 2012) (denying a mortgagor's claim against a state judge arising out of foreclosure proceedings).

In addition, Plaintiff claims unspecified breaches of fiduciary duty arising from the state foreclosure action. Compl. at 2. Plaintiff cites 29 U.S.C. § 1109 as the vehicle for bringing this claim. However, this statute falls under the Employee Retirement Income Security Act and is inapplicable to Plaintiff's claim. Therefore, Plaintiff's breach of fiduciary duty claim fails.

      **c. Plaintiff's Allegations of a "Trademark Copyright" Violation Fails to Meet Minimum Pleading Requirements.**

Plaintiff also makes passing reference in his Complaint to Defendant Robert Auclair's, refusal to accept documents from Plaintiff. Compl. at 2-3. Plaintiff seems to allege that Auclair's alleged refusal to accept documents from Plaintiff is a "Trademark Copy" violation. *Id*. Plaintiff's underdeveloped allegation does not describe what material was trademarked, the nature of the trademark infringement, or who committed the infringement. Later in his Complaint, Plaintiff describes the violation as a "trademark copyright" violation, apparently conflating two separate forms of intellectual property. Therefore, Plaintiff has failed to meet the pleading requirements set out in Rule 8.

## IV.    CONCLUSION

For the foregoing reasons, this Court dismisses Plaintiff's Complaint against Defendants Robert A. Auclair, Michael Troy Freedman, Adrienna Hunsberger, and Judge Whelan.


              **BY THE COURT:**

              /S/Kai N. Scott
              **HON. KAI N. SCOTT**
              **United States District Court Judge**